**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| THE QUANTUM WORLD CORP. | § | |
| | § | |
| v. | § | Case No. 2:11-CV-241-JRG-RSP |
| | § | |
| LENOVO (UNITED STATES) INC., et al. | § | |

## MEMORANDUM ORDER

Before the undersigned is Lenovo's Motion to Exclude the Expert Opinions of Richard Belgard (Dkt. No. 95, filed March 30, 2012). Having considered the arguments of the parties, the undersigned finds that Lenovo' motion should be **DENIED**.

## APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. A trial court is "charged with a 'gatekeeping role,' the objective of which is to ensure that expert testimony admitted into evidence is both reliable and relevant." *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1360 (Fed. Cir. 2008).

## DISCUSSION

The Quantum World Corporation alleges that Lenovo has failed to pay royalties as required by the settlement agreement between the parties. Quantum World intends to call Mr. Richard Belgard as a witness, who will testify that certain Lenovo products are royalty-bearing 'TPM-Containing Computers," as that term is defined by the settlement agreement. Lenovo raises a number of objections to Mr. Belgard's testimony.

### A. Mr. Belgard's Qualifications

Lenovo objects to Mr. Belgard's qualifications. Mr. Belgard is allegedly not qualified to testify to a computer's compliance with the trusted platform module (TPM) specifications, random number generators, and entropy. Lenovo argues that Mr. Belgard has no formal training in these areas, and that his only experience with the subject matter is in connection with various lawsuits brought by Quantum World. Dkt. No. 95 at 5. Quantum World argues that Mr. Belgard is a recognized expert in the areas of electrical engineering and computer science, has related advanced degrees, and has more than 35 years of experience in the field including teaching at the university level. Dkt. No. 99 at 2-3. Quantum World contends that he has sufficient experience to read and understand technical specifications and design documents that describe electrical components, such as the trusted platform modules at issue in this case.

The undersigned is persuaded that Mr. Belgard's technical experience and other qualifications are sufficient considering the subject matter of the expert report. Therefore, the undersigned overrules the objection to Mr. Belgard's qualifications as an expert witness.

### B. Mr. Belgard's "Specialized Knowledge"

Lenovo objects to Mr. Belgard's testimony on the grounds that it is not based on specialized knowledge:

> Mr. Belgard's report simply points out language of certain press-releases and data sheets that mention a TPM specification and repeats the language of the published specification, which he has never studied before his recent work on Quantum World cases. In other words, Mr. Belgard simply opines that if the documents say the components and computers meet the standards, they must meet the standards.

Dkt. No. 95 at 5-6 (citations omitted). In response, Quantum World argues:

> Moreover, Lenovo's argument overlooks the fact that Mr. Belgard is not merely parroting the manufacturer datasheets. He also applies his technical background and experience to explain why

>such documents are reliable. In particular, he explains who prepares such datasheets (the semiconductor vendor), the relevant differences between various forms of datasheets, the fact that computer designers using the semiconductor component rely on datasheets for information, and the fact that any errors in datasheets generally will be corrected or noted in errata sheets. This provides plenty of foundation for his conclusions that the components at issue are, in fact, compliant with the TPM specification. Notably, Lenovo raises no dispute about the accuracy of the manufacturer datasheets.

Dkt. No. 99 at 6.

The undersigned is persuaded that Mr. Belgard's knowledge and experience makes him sufficiently expert to read, interpret, and summarize the technical documents necessary to offer an opinion that Lenovo's computers contain a trusted platform module that complies with the TPM specification. In this case, the undersigned expects that there are a number of different products at issue, and the use of expert testimony will assist the jury in receiving and understanding information that is clearly technical in nature. Accordingly, the undersigned overrules Lenovo's objection to the testimony on the ground that it is not the product of specialized knowledge.

## C.   Mr. Belgard's Reliance on "Unreliable" Data

Lenovo objects to Mr. Belgard's testimony on the grounds that he relies on "unreliable" datasheets from Intel, a supplier of trusted platform modules. Dkt. No. 95 at 6. Lenovo points to other documents, also from Intel, that it claims are more reliable. *Id.* At its core, Lenovo's complaint is that Mr. Belgard relies on a set of Intel documents that support Quantum World's position, and Lenovo believes that Mr. Belgard should instead rely on a different set of Intel documents that support Lenovo's position. This sort of dispute over the accuracy and meaning of the evidence is for the jury to decide. Accordingly, Lenovo's objection is overruled.

- 4 -

Having reviewed the arguments of the parties, and concluding that Lenovo's objections should be overruled, the undersigned DENIES Lenovo's Motion to Exclude the Expert Opinions of Richard Belgard.

**SIGNED this 31st day of May, 2012.**

                                                ROY S. PAYNE
                                                UNITED STATES MAGISTRATE JUDGE